# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR44

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MARVIE JOE MOCK. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendant's Motion for Hearing on Discovery (#18), which appears to be a follow up to defendant's Motion for Discovery, which resulted in an Order that the government "make such materials available for copying not later than October 13, 2006." According to defendant, the victim bank allegedly had in its possession additional photographs, which defendant describes as exculpatory, that were not turned over to law enforcement. Defendant sought to schedule such hearing based on Rule 16(a)(1)(E), Federal Rules of Criminal Procedure, to determine whether the government had turned over all photos in its possession.

On October 26, 2006, the requested hearing was conducted. At that hearing, the defendant called the regional security manager of Sun Trust bank, Mr. Kasiah, who testified concerning his compliance with a subpoena issued by this court by counsel for defendant. Fed.R.Crim.P. 17. Mr. Kasiah testified that on the day of the alleged bank robbery, he had received eight photographs depicting defendant robbing the bank from his supervisor, and that he left a CD with such photographs at the branch for law enforcement on the day of the alleged robbery.

Mr. Kasiah also testified that upon receiving the defendant's subpoena requiring the production of all photographs of defendant during the robbery, he discovered five additional photographs, for a total of 13 images. Such additional images were produced to counsel for defendant at the hearing. Mr. Kasiah testified that the 13 photographs produced are all the images the bank has of defendant relevant to the alleged bank robbery. At the conclusion of all the testimony, counsel for defendant asked that the government be compelled to produce all images of the robbery regardless of whether defendant is depicted therein. The government objected, inasmuch as such images were not images in their possession.

It appearing that the government produced all images in its custody when it produced the original eight photographs to defendant, the government's Rule 16(a)(1)(E) disclosure requirements have been met. Based on the government's compliance, the court's inquiry shifts away from Rule 16 and now must focus on Rule 17 and whether the <u>bank</u> has complied with the subpoena of this court. Rule 17(c) provides in relevant part as follows:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed.R.Crim.P. 17(c). While the bank's representative has testified that all images of defendant have been produced in compliance with the subpoena, the earlier discrepancy

as well as the seriousness of the alleged offense gives this court reason to allow defendant an opportunity to test whether the bank has in fact complied with this court's subpoena. The most expeditious method for testing such compliance is through allowing respective counsel to personally inspect all photographs taken during the alleged robbery.

By the close of business on October 27, 2006, SunTrust Bank shall allow counsel for defendant (and counsel for the government) to view all photographs taken on April 14, 2006, at the West Asheville branch of SunTrust Bank between 9:00 a.m. and 9:30 a.m., assuming such photographs still exist. The bank shall make either hard and/or electronic copies of any photographs available upon request of either attorney and at the bank's own expense. In light of the protection afforded to customer information under the *Right to Financial Privacy Act of 1978*, which may or may not include the presence of any customer in a bank,[1] an appropriate Protective Order will be entered herewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) in accordance with Rule 17, SunTrust Bank is Ordered to permit the inspection and copying by respective counsel herein of all photographs in

---

[1] The court has doubts as to whether any federal law provides bank customers with a financial privacy interest in security images of them transacting business in public areas of a federally insured bank. Erring on the side of caution, and to protect the bank, a Protective Order will issue in any event.

its possession taken between 9:00 a.m. and 9:30 a.m. on April 14, 2006, at the West Asheville branch of SunTrust Bank, which shall be completed not later than Friday, October 27, 2006;

(2) in allowing such inspection, the court specifically finds that the interests of justice outweigh the financial privacy interests of other customers or bank employees under the *Right to Financial Privacy Act of 1978* or other applicable federal laws, if any, who may be depicted in such photographs; and

(3) a **PROTECTIVE ORDER** is entered providing that the contents and identities of other persons whose images may be captured in any photographs provided as a result of such inspection shall not be used, disclosed, distributed, or the contents thereof publicly discussed for any purpose other than the prosecution, defense, or appeal of this criminal action.

Signed: October 26, 2006

Dennis L. Howell
United States Magistrate Judge